The principal question discussed on the argument was, whether the agreement was not within the statute of frauds, as a special agreement to answer for the debt of another. It was decided in England, in the cases of Groves v. Dubois (1 Term R., 112), and Bize v. Dickanson (1 id., 285), that such agreements are not collateral. This was the common law, as received at the date at which our constitution adopted it; and the same decision was made in Wolff, c., v. Koppel (5 Hill, 458), and in the same case in the court for the correction of errors (2 Denio,
368), where also it was held that the agreements are not within the statute of frauds. (7 Pick., 220.) Those decisions must control this court. The courts of England changed their opinion, and adopted a contrary view of the contract in Morris v.Cleasby (4 Maule Selwyn, 566), and Peele v. Northcote
(7 Taunt., 478), and other cases. But that change cannot alter our law, especially after it has been settled by a decision of the highest court.
The different and contrary results are produced by the different views of the contract in the two countries. In England they understand the guaranty to be a contract to pay, if the money cannot be collected of the purchaser. Here it is understood to be a contract, directly with the principal, to pay him on the expiration of the time of credit, whether the purchaser be solvent or not; that is the whole contract between the factor and his principal, and is an original undertaking, without any relation to the debt or liability of another. The law (not the contract of the parties) *Page 270 
then adds a quality to such a transaction, that although the factor may sue the purchaser in his own name, the principal has also the right to sue. This, however, does not convert an express original undertaking of the factor with his principal, absolutely to pay the debt at maturity, into a collateral and conditional agreement to pay it if the purchaser does not. A guaranty by a factor differs very especially from a promise to pay the debt of another in another particular; the principal transfers a right (although not the exclusive right) to the factor to sue for and recover the money in his own name, and to collect the debt and hold the money, accounting only for the net balance of account between the parties. Thus the debt of the purchaser is to some extent made the property of the factor, and he to that extent becomes the purchaser of it, and so far substitutes his liability in place of that of the purchaser. The effect of this generally is to make the factor practically the owner of the debt, and this is almost invariably so, if he remains solvent and on just terms with his principal. Then the principal is unknown to the purchaser.
The judgment should be affirmed.
COMSTOCK, J., having been counsel in the cause, took no part in its decision. All the other judges concurred.
Judgment affirmed.