ALBANY,
Feb. 1828.

Ackley
v.
Kellogg.

ACKLEY and GREY *against* KELLOGG and others.

*Where the evidence at the trial is contradictory, and leaves the question in doubt, and has been fairly submitted to the jury, the court will not disturb their verdict, on a motion for a new trial, upon the ground that they found against the weight of evidence.*

*Where a witness was objected to as interested, and in the course of proving his*

[*224]

*interest, the judge allowed evidence, which was objected to by the party offering the witness, but admitted him, with the remark that he should leave his credibility to the jury; yet held, that this was no cause for a new trial, even supposing the evidence objected to, on such preliminary examination, was improper.*

CASE against the defendants as common carriers, tried at the Rensselaer circuit, November 19th, 1826, before DUER, C. Judge.

At the trial, it appeared that about the 1st of June, 1824, the plaintiffs put certain goods on board of the defendants' sloop at the city of New-York, to be transported to Troy. The plaintiffs resided in Granville, Washington county, whither the goods were to pass from Troy, by way of the Champlain canal, in a boat; and they gave liberty to the defendants, on arriving at Troy, to send on the goods by a canal boat. The question of fact upon the trial was, whether this liberty was confined to a particular line of boats belonging to one Eddy, or was in the alternative, to send by his boat, if at Troy, on the defendants' sloop arriving there, and if not, to send by the first boat bound to the north. The plaintiffs' proof went to show the former; the defendants' proof the latter. On the arrival of the *sloop at Troy, none of Eddy's boats being there, the goods were put on board of a safe canal boat bound to the north. The boat upset in the course of its passage, and most of the goods were lost. The owner of the boat testified that the defendants made no agreement to pay him for transportation; and he looked to the plaintiffs for payment.

The plaintiffs' first and most important witness on the trial, was objected to by the defendants, as interested; and various witnesses examined to prove his interest, to whom several questions were allowed to be put, notwithstanding objections to them as improper by the plaintiffs. The judge admitted the witness, with the remark that he should submit his credibility to the jury.

Common carriers received goods on board their sloop, to transport from New York to Troy, where they transferred them on board of a canal boat bound to the north, pursuant to the bailor's instructions; but were to receive no reward for the transfer, or further transportation. The goods were lost by the upsetting of the canal boat. *Held,* that their character of common carriers ceased at Troy; and having exercised ordinary care in seeing the goods placed on board a safe boat, they were not responsible for the loss.

The judge charged the jury that the defendants were common carriers as far as Troy, where that character ceased, and they became mere storers or forwarders. That the only question was whether they had pursued the plaintiffs' instructions. This depended on what those instructions were, as to which the question was one of fact upon contradictory evidence, and of which the jury were the judges. If they believed the defendants were confined by instructions to Eddy's boat, they were liable; otherwise not.

Verdict for the defendants.

A motion was now made, in behalf of the plaintiffs, for a new trial, upon several grounds; and among others, that the verdict was against the weight of evidence; that the defendants were common carriers, in respect to the goods, after they arrived at Troy; and that improper questions were allowed to be put, touching the interest of the plaintiffs' principal witness; and that the judge prematurely remarked on his credibility, in a manner calculated to lesson the influence of his testimony with the jury.

*J. L. Wendell*, for the motion, cited *Hyde* v. *The Trent & Mersey Navigation Company*, (5 T. R. 389.)

*H. P. Hunt*, contra, cited *Roberts* v. *Turner*, (12 John. 232.)

*Curia*, per SUTHERLAND, J. The jury were properly instructed by the judge that the cause turned upon the question whether the defendants, by their contract with the plaintiffs, were to forward the goods by the first canal boat that should sail after their arrival at Troy, or whether they were specially directed to send them only in Eddy's line of boats. If the latter were the instructions given them, then the plaintiffs were entitled to recover. But if the directions to forward them were general, then the action must fail, as the evidence shows that the boat in which they were sent was safe and in good condition, when the goods were put on board. The defendants exercised ordi-

*Margin notes:* ALBANY, Feb. 1828. Ackley v. Kellogg. [*225]

ALBANY,
Feb. 1828.

Ackley
v.
Kellogg.

nary care and diligence, to which alone they were bound in executing the instructions.[1]

What the instructions were, is left doubtful by the evidence. There was much testimony on both sides. The captain of the defendants' sloop, which carried the goods to Troy, swears positively that one of the plaintiffs, after the goods were put on board at New-York, came on board the vessel, and directed him to forward the goods immediately on his arrival at Troy. That if any of Eddy's boats were there, he should send them in one of those boats; if not, then by the first boat bound north. He says he had seen the person before, and knew him to be one of the plaintiffs, when he first saw him. The testimony of this witness was probably decisive with the jury, especially as the evidence on the other side was either of a negative, or circumstancial character. We cannot, within the established principles which regulate the discretion of the court, interfere with this verdict as being against the weight of evidence.

The character of the defendants as common carriers, had nothing to do with their liability in this action. They were common carriers only from New-York to Troy. They forwarded the goods from there, as the jury have found, in pursuance of special instructions from the plaintiffs, for which they received no compensation, and incurred no responsibility. The case bears no analogy to that *of *Hyde* v. *The Trent and Mersey Navigation Company*, (5 T. R. 389.)

[*226]

It is said the judge admitted improper evidence, to establish the interest of Standish, the plaintiff's witness. But as he held the witness competent, the evidence, conceding that it was inadmissible, produced no effect; and, as it was addressed exclusively to the court, affords no ground for granting a new trial. Nor can we regard the remark of the judge, on closing the inquiry, that he should submit the credibility of the witness to the jury.

Upon the case, therefore, the motion for a new trial must be denied.

[1] See New York Digest, vol. 1, tit. *Carrier*.

[The judge examined another branch of the motion founded on newly discovered evidence; and concluding also against the plaintiffs upon this.] Therefore,

New trial denied.