Brown vs. L. & S. Denison.

Motion to set aside a report of referees. The defendants *Forwarding*
are merchants residing at Sackett's Harbor, and engaged in *merchants,* with
whom proper-
the transportation of property on Lake Ontario, but are not ty is deposited,
and who are
carriers by land, nor upon the canal. In the years 1825 and instructed to
1826, the plaintiff deposited with them 1461 barrels of flour, forward the
same, are dis-
which were received subject to the plaintiff's order, and were charged from
their liability,
subsequently directed by him *to be forwarded* to Albany and on shewing
New-York. The plaintiff admitted that the whole quantity, that they used
ordinary dili-
except 236 barrels, had been accounted for. The defend- gence in send-
ing on the
ants proved that they had forwarded the whole quantity, (ex- property by
cept 34 barrels, which they offered to account for,) in their responsible
persons.
vessels from Sackett's Harbor, on Lake Ontario, to Han- Evidence of
*money paid,* of-
ford's Landing, on the Genesee river, where it was delivered fered by a
to a common carrier, who transported it by land to Roches- plaintiff, to re-
but a claim set
ter, and delivered it over to established and responsible for- up by a defend-
ant, is admis-
warding merchants on the canal, to be sent forward to Alba- sible, although
ny and New-York. no charge of
money is con-
The declaration charges the defendants as *depositaries,* not tained in a bill
as *common carriers.* It appeared that 137 barrels of the flour of particulars
delivered by
had been lost after the delivery of it at Rochester; and the the plaintiff.
referees held that the defendants, having delivered the prop-
erty over to a safe and responsible forwarding merchant,

NEW-YORK, were discharged from their liability. After hearing the
May, 1829. proofs of the parties, the referees made a report in favor of
Brown the defendants for the sum of $137,03; which was moved to
v. be set aside, 1. Because, as it was contended, the referees
Denison. had erred in not holding the defendants responsible for the
whole quantity of flour; 2. In allowing an item in the de-
fendants' accounts of $85,80 for storage, which, from the
testimony, it appeared had already been allowed to the de-
fendants by the forwarders, to whom the property had been
delivered, subject to all charges; and 3. That the referees
had refused to receive evidence shewing that an item in the
defendant's account, amounting to $47,77, for cash paid on
the order of the plaintiff, had been refunded by the plaintiff.
This evidence was rejected, on the ground that no item of
cash paid was contained in the plaintiff's bill of particulars,
which was only an account of the quantity of barrels of flour
delivered to the defendants.

*S. Beardsley,* for plaintiff, who cited 7 *Cowen,* 500, *in
notis;* 5 *Johns. R.* 58; 15 *id.* 44; *Cro. Jac.* 468.

*J. Edwards,* for defendants, who cited 2 *Chitty,* 144, *n. y;
id.* 156, *n. a.;* 1 *Wils.* 281; 1 *Chitty,* 134; *Jones on Bail-
ment,* 120; *Esp. R.* 316; 12 *Johns. R.* 232.

*By the Court,* SAVAGE, Ch. J. The main question in the
case is, whether the defendants are liable in this action for
the safe transportation of the flour after it went out of their
possession. I am of opinion, that simply as depositaries or
forwarders, they are not liable, having used ordinary dili-
gence in forwarding the property by responsible persons. It
appeared that the defendants were allowed for the storage of
the whole quantity of flour delivered to them; and it also ap-
peared that it was their custom to deliver the property to the
forwarders subject to charges, and that such was the fact in
this case. If so, they had already received their storage,
and it ought not to have been again allowed.

The defendants were allowed an order drawn in 1822,
which the plaintiff offered to prove had been already paid by
him. The proof was rejected, because the bill of particulars

presented by the plaintiff did not contain the accounts by which he proposed to prove the payment. On the part of the defendants, it is said the proof was rejected as well on that ground as because the evidence offered was insufficient in itself. It is clear, however, that the referees decided that the plaintiff could not introduce any accounts not in his bill of particulars. In this they erred. The account offered was not for the purpose of making out the plaintiff's case in the first instance, but to rebut evidence produced by the defendants. Of course it could not be in the bill of particulars.

In my opinion, the report should be set aside, unless the defendants will deduct the sum of $133 57, the amount of the charge for storage, and the amount of the order allowed by the referees.