THE TRUSTEES OF THE SOCIETY OF THE METHODIST EPISCOPAL CHURCH IN THE VILLAGE OF LITTLE FALLS *vs.* TRYON.

In a suit by a corporation, the defendant can take advantage of a misnomer of the plaintiff only by plea in abatement: by pleading *nul tiel corporation* in bar, he waives the misnomer.

Where, in the declaration, the plaintiffs named were "The Methodist Episcopal Church of," &c. and the defendant having pleaded *nul tiel corporation* in bar, the plaintiffs replied, setting out the incorporation of a society under the general act, by the name of " *The Trustees of the Society of the* Methodist Episcopal Church," &c., averring that such corporation and the plaintiffs were identical, and the defendant demurred; *held,* a good replication.

DEMURRER to replication. The declaration is in assumpsit, the plaintiffs named therein, being "The Methodist Episcopal Church in the village of Little Falls." Plea in bar, *nul tiel corporation.* Replication, setting forth, in detail, the incorporation of a religious society, pursuant to the general act of April 5th, 1813, by the name of " *The Trustees of the Society of the* Methodist Episcopal Church in the village of Little Falls," and containing an averment that the plaintiffs and the body corporate thus created "are one and the same identical body corporate, and not other or different," concluding with a verification. Demurrer and joinder.

*L. Ford,* for the defendant.

*Capron & Lake,* for the plaintiffs.

*By the Court,* BEARDSLEY, J.  The defendant pleads in bar that the plaintiffs were not at the commencement of the suit, and are not now, a body politic and corporate, and have no right as such to commence or prosecute said suit.

At common law this plea would have been bad as amounting only to the general issue.  The latter would put the existence of the plaintiffs as a corporation in issue, and it must be proved on the trial or a recovery could not be had.  *Nul tiel corpora-tion* would raise no other question, and for that reason was bad at common law as a plea in bar.  (*The Bank of Utica* v. *Smalley,* 2 *Cowen,* 770; *The Bank of Auburn* v. *Weed,* 19 *John. R.* 300; *The Farmers and Mechanics Bank* v. *Ray-ner,* 2 *Hall's Rep.* 195; *Angell & Ames on Corporations,* 2d ed. 502.)

But as to all corporations created by or under any statute of this state, the law is now otherwise.  The existence of any such *corporation when it sues is* not denied by pleading the general issue, and the question can only be made by a plea "in abate-ment or in bar that the plaintiffs are not a corporation." (2 *R. S.* 458, § 3; 3 *id.* 754.)  Under this statute the plea interposed in the present case is not merely equivalent to the general issue, but it goes much further.  It requires the plaintiffs to prove what the general issue now virtually concedes—that is, the cor-porate existence of the plaintiffs; and is, therefore, upon the principles of sound pleading, a good plea in bar.  (*Angell & Ames on Corp.* 502, 503.)

As the plea is good, the only question is as to the sufficiency of the replication.

The plaintiffs sue by a particular name, and in answer to a denial of their legal existence, they set up that a corporation, bearing another name, that is, the name of " *The Trustees of the Society of the Methodist Episcopal Church in the village of Little Falls,*" had been duly created under a statute of this state; and it is then alleged in the replication that the corpora-tion so created, and the said plaintiffs "are one and the same identical body corporate, and not other or different."

The replication would have been more formal had it contained an explicit averment that the action was brought and prosecuted by the corporation so created, although said corporation is designated in the declaration and proceedings in the cause by another name, or rather by a part only of the true name. But although this would have been more formal, I do not think it would have changed the legal effect of the replication. It contains now, what is equivalent to such an averment, for it alleges in direct terms, that the corporation, " *The Trustees,*" &c. created as the replication shows, and the said plaintiffs are one and the same person in law.

It is not questioned in the argument submitted for the defendant, that the creation of the corporation named in the replication is well pleaded; and if the replication is true, it shows a sufficient answer to the plea. Taking what the replication states to be true, and the demurrer admits all matters which are well pleaded, the case is this; the corporation, " *The Trustees of the Society of the Methodist Episcopal Church in the village of Little Falls,*" sue by a wrong name; that is by the description of " *The Methodist Episcopal Church in the village of Little Falls,*" which is a part only of the true corporate name. A mistake, therefore, has been made in the name of the real party plaintiff, and a plea in bar is interposed that the plaintiffs are not a corporation. Independently of the revised statutes, this would present a question of very considerable difficulty and doubt; but these statutes provide, that " in suits or proceedings by or against any corporation, a mistake in the naming of such corporation shall be pleaded in *abatement,* and if not so pleaded, shall be deemed to have been waived." (2 *R. S.* 459, § 14; 3 *id.* 754.)

This provision seems to meet the case in hand. The action was brought by a corporation authorized to sue, but a mistake has been made in its name, which by this provision of the statute could only be pleaded in abatement. Had it been so pleaded, the variance might, perhaps, have been deemed fatal; but

that can only be determined on such a plea. Here is no plea in abatement, and the misnomer is waived.

The plaintiffs are entitled to judgment on the demurrer, with eave to amend on the usual terms.

Judgment for plaintiffs.