MORRIS AND ESSEX RAILROAD CO. *ads.* AYRES et al.

1. It is the duty of a railroad company to safely transport goods to their destination, and safely deposit them in their warehouse without delay, and to store them without additional charge, until the owner or consignee has a reasonable time to remove them.

2. They are not bound, like carriers by wagons, to deliver to the owner at his place of business, nor, like carriers by water, to give notice of the arrival of the goods.

3. After the goods are safely stored and protected from the weather and from trespassers, and ready for delivery, they become warehousemen, liable only as bailees without hire, and only responsible for ordinary neglect.

4. The question whether the regulation of a corporation which affects third persons is reasonable, is a question of fact for the jury ; but the validity of a by-law of a corporation, which only affects its members, and not third persons, is a question of law for the court.

5. Where a railroad company have freight in their warehouse in good condition, ready for delivery, they are not bound to take a receipt for each portion as it is taken away, but they may require a receipt for the whole before any part thereof is removed.

On case certified from the Morris Circuit for the advisory opinion of this court.

Argued before Justices OGDEN, HAINES, and VAN DYKE.

The opinion of the court was delivered by

HAINES, J. The plaintiffs, being merchants at Morristown, had certain articles of merchandise transported for them by the defendants from the city of New York to their place of business. The goods, consisting of about three loads for a one-horse wagon, were safely brought to Morristown, and stored in the warehouse of the defendants, ready to be delivered to the plaintiffs on their signing a receipt for the whole quantity, and paying the freight.

The freight was duly paid, but the plaintiffs refused to sign a receipt for all the goods, and proposed to remove them by a wagon-load at a time, and to give receipts for

such as they might take at each load.   The regulations of the company required a receipt for all the goods before any part were removed, and, without such receipt, their agent refused to deliver any part of them.

Thereupon the plaintiffs brought their writ of replevin, by virtue of which the sheriff delivered to them the whole quantity.   The object of the action is to test the validity of the regulation.

A verdict was rendered for the plaintiffs; and several exceptions having been taken by the defendants during the trial, the judge directed the same to be certified to this court for its advisory opinion on the several points stated in the case.

The obligation of common carriers by railway is safely to transport the goods to the place of destination, to deposit them without delay, and without additional charge, in their warehouse, until the owner or consignee has a reasonable time to remove them.   They are not required, as carriers by wagons, to deliver at the door or place of business of the owner or consignee, nor, as carriers by water, to give notice of their arrival.   Their route being confined to the track of their road, renders the first impracticable without the use of wagons, which is not part of their contract, and the usual certainty of the arrival of the train renders the latter unnecessary, and, by the usage of the business, was not required.

Having the merchandise in good order, and safely stored and protected from the weather and from trespassers, and ready for delivery, allowing a reasonable time for the owner or consignee to remove them, their duty as carriers ceases, and they are no longer liable as carriers. After that, they become warehousemen, with the liability only of bailees without hire, and responsible only for ordinary neglect.   *Redfield on Railways* 252–3 ; 1 *Parsons on Contracts* 671, 663 ; *Pierce on Am. Railways* 436 ; *Powell* v. *Myers*, 26 *Wend.* 591 ; *Goold* v. *Chapin*, 10 *Barbour* 612 ; *Thomas* v. *Boston and Prov. Railroad Corporation*, 10 *Metc.*

472 ; *Norway Plains Co.* v. *Boston and Maine Railroad Co.,* 1 *Gray* 263.

After so depositing them in their warehouse, they keep the goods for the exclusive benefit of the owner, whose duty it is to remove them in a reasonable time. *Garside* v. *Trent and Mersey Navigation Co.,* 4 *Term R.* 581 ; *Brown* v. *Dennison,* 2 *Wend.* 593 ; *Ackley* v. *Kellogg,* 8 *Cow.* 223.

In the case before us, the defendants had performed all their duty as to transportation and storage, and had the goods ready for delivery, subject only to the signing of a receipt for all, in accordance with the regulation.

The question then arose whether that regulation was reasonable, and that was a question of fact to be determined by the jury. The validity of a by-law, which binds the members of the corporation only, and not third persons, is purely a question of law. But the reasonableness of the regulation as is deemed necessary and conducive to the comfort, convenience, or safety of passengers, or to protect the rights of the company, is purely a question of fact. The reasonableness or unreasonableness of such regulation is properly for the consideration not of the court, but of the jury. *State* v. *Overton,* 4 *Zab.* 435, 441.

The court, therefore, did not err in refusing to non-suit the plaintiffs and in submitting the question of fact to the jury. Thus the first point certified is answered in the negative, to wit, that the motion to non-suit ought not to have been granted.

The verdict having been against the defendants, and consequently against the reasonableness of the regulation, a further question is presented, whether the verdict was or was not against the weight of evidence on that subject.

By the testimony in the case, it appears that the company had experienced great inconvenience and great difficulty arising from the delivery of so large an amount of freight to so many persons without retaining some written evidence of the delivery ; and they could not tell in

any particular case whether particular goods were delivered or not; and that there was a further difficulty arising from persons leaving goods at the depot for a length of time, and taking them away in parcels, and frequent complaints had been made of goods being there after the company thought they had reason to believe that all were delivered and taken away. The regulation was then adopted to induce persons to remove their goods as speedily as they could, and also to give to the company evidence that the goods had been safely brought to the place of delivery, and to have one receipt for all, instead of a receipt for such portion as the owner might see proper to take away from time to time. An opportunity was offered to the owner to examine the goods to see if they were all there and in good order before a receipt was required.

This rule, which had been applied to one of the principal stations of the company, was found to operate well, so that in five years there was not an instance of any one receipting for goods, and afterwards claiming that any had been lost or not delivered.

When it was applied to the whole line of the road it was again found to operate well, and was acquiesced in by freighters generally, some few only complaining that it was oppressive and unjust.

In my judgment, there was abundant evidence from which the jury might and should have found the regulation to be reasonable.

The company had a right, as carriers, to be discharged of their liability on their being ready to deliver the goods, and to have some written evidence of such discharge. It is not reasonable to require them to employ a witness to the delivery of every parcel, when and as often as the owner may choose to call for it, nor to be compelled to have as many receipts as the owner may find it convenient to take parcels of his goods.

The company were bound to be ready to make delivery of the goods; but it is one delivery, and not many, that

Morris and Essex Railroad Co. ads Ayres.

the law requires. They have the right, also, to be discharged from liability as warehousemen. The owner having had an opportunity of inspecting the goods, to see that all were there and in good condition, he was bound to take the custody of them, and to assume the responsibility of their safe keeping, and to remove them out of the way of the company with all reasonable diligence.

To the giving of a single receipt for all the goods at the station, it is no answer to say that the company gave receipts for them in parcels. The cartmen who deliver the goods to the freight agent take receipts for each load, and they can ask for no more. The company are not bound to give receipts for goods before they are delivered at their station, and are seen by the agent there, and each load may, and usually does constitute one delivery, and for it is given one receipt. On the same principle, the owner at the place of destination has one delivery of all the goods there, and it is reasonable that he should surrender the company's receipts which they have given, or that he give one general voucher for what is delivered to him and placed in his custody. Should any error appear, either in the quantity of goods delivered or in the condition of them, the receipt is not conclusive; it is but parol and *prima facie* evidence of delivery in good order and in full quantity, and like a bill of lading or any other receipt, is subject to explanation and correction.

I am of opinion that the verdict was against the weight of evidence, and that the Circuit Court should be advised to set it aside and to grant a new trial.

This, of course, answers the fourth and fifth points certified, and supersedes the necessity of considering the second and third points.

CITED *in Compton* v. *Van Volkenburgh,* 5 *Vr.* 135.