## ADAM PHY

### *v.*

## DEMARCUS CLARK, and BOWEN BROTHERS.

1. PROMISSORY NOTE — *evidence of an account stated.* A promissory note is evidence of an account stated between the parties.

2. PRESUMPTION — *that it is correct.* The presumption is, that such a note is given for the correct amount.

3. Burden of proof — *in respect thereto.* And if the maker seeks to impeach the note in that regard, it is incumbent upon him to show what the items of the account upon which the note is based, were, and that some one or more of them were erroneous.

4. Practice — *when certain objections must be taken — admissibility of testimony.* Objections to the admissibility of testimony in chancery, not made on the hearing, are considered as waived and will not be noticed on error.

5. It is not enough, that on the taking of a deposition, the party caused the master to note his objection; the record must show that the objection was also made at the hearing, or it will not be regarded.

6. Consignee *of property, for sale — where he shall sell it.* A merchant in Kane county consigned a lot of corn to the house of which he was buying goods, in Chicago, to be there sold by the consignees, and the proceeds applied on his account. The consignees, without authority, sent the corn to New York for sale, and the net proceeds were less than could have been realized in Chicago. *Held,* the consignee had no right to send the corn away from Chicago for sale, and was liable to account for what it would have brought in that market.

7. Costs — *when they will not be decreed.* In chancery, the complainant, in seeking to obtain an injunction against a judgment at law, and an account, asserted claims which he failed to establish; and the defendant was in fault in not crediting the proper amount on the note on which the judgment, which was by confession on warrant of attorney, was entered. *Held,* under such circumstances, each party should pay his own costs in the court below.

8. Costs *in the Supreme Court.* And on appeal by the complainant, although the decree was reversed in order that the sum omitted to be entered as a credit on the note might be deducted from the judgment, the reversal was without costs.

Appeal from the Circuit Court of Cook county; the Hon. Erastus S. Williams, Judge, presiding.

This was a suit in chancery, instituted in the Circuit Court by Adam Phy against Demarcus Clark and Bowen Brothers. The principal matters, so far as they are necessary to an understanding of the case, are alleged in the bill, as follows:

That at the November Term, 1861, of the Superior Court of Chicago, Bowen Brothers procured to be entered a judgment by confession, under a warrant of attorney, in their favor, against Phy, the complainant, for the sum of $413.17, besides costs. That an execution was issued upon that judgment, directed to the defendant Clark, as sheriff of Kane county, who had made a levy thereof upon property of Phy, and was about to proceed to sell the same.

The complainant seeks, by his bill, to restrain any further proceedings under the judgment, execution and levy, and to set the same aside; and as a ground for such interposition sets up a state of case as follows: He alleges that he had no notice of the judgment until called upon by the sheriff to pay the execution which issued thereon. That during the years 1858, 1859 and 1860, he was engaged in the mercantile business in the village of Montgomery, in Kane county, in this State; and while so engaged he kept an open account with Bowen Brothers, of Chicago, for merchandise sold by them to him, from time to time. That on the 28th of November, 1860, he happened to be in the store of Bowen Brothers, in Chicago, when they demanded a settlement of the account. Phy remonstrated against such settlement for the reason, as he avers, that all the vouchers, checks, receipts, bills and papers appertaining to the account were in Montgomery, and, therefore, he could know nothing about its correctness, or the credits. He alleges that Bowen Brothers fraudulently represented to him that the account was correct, and if not correct they would allow and correct all errors in the same. That if he did not give his note for the amount claimed to be due, they would sue him before he left the city of Chicago. That they presented to him a note for signature, claimed to be for the balance due on said account. That he did not at that time look over the items of the account, nor the memorandum made on the bottom of said account, nor the amount of the note presented for signature, owing to the lateness of the hour, and the fact that it was nearly time for the train to start, upon which he intended to return home, but relied entirely upon the representations of said Bowen Brothers when he signed said note — commonly called a judgment note; and that said Bowen Brothers made said representations, knowing the same to be false, for the purpose of defrauding him in this, to wit: That said Bowen Brothers charged the said Phy the sum of $210 as interest, when in fact he never agreed to pay interest; which said sum exceeds the legal rate of interest allowed by law. That said Bowen Brothers represented that there was the sum of $423.12

due them, when in fact there was not due them the sum of $125; that they had not given said Phy credit for divers sums of money which he had paid on said account, amounting in all to the sum of $200; for which said sum he holds receipts.

It is alleged in the bill that the judgment was improperly confessed in favor of one Whitman, with others, he not being a member of the firm of Bowen Brothers at the time the note was given.

The complainant states that about the 19th of June, 1861, he forwarded to Bowen Brothers 370 bushels and 39 pounds of corn, with the understanding and agreement to allow him the proceeds and indorse the same on the note; that they disposed of the corn, but did not indorse the entire proceeds on the note; that the proceeds amounted to $81, while only $65.43 were indorsed. These were the allegations upon which the prayer for relief was based.

Answers were filed, and the cause came on for hearing. The testimony showed dealings between the parties prior to the time the note was given, but it did not appear what items were included in the settlement when it was given, nor that any of them were erroneous. It was shown, however, that the corn referred to in the bill was consigned to Bowen Brothers, to be sold in Chicago, and they sent it, without authority from Phy, to New York, where it was sold. The difference between the amount received in New York and what might have been realized in Chicago for the corn, was $9.21, and there was a deficiency in the amount credited to Phy to that extent.

On the hearing, the deposition of one Winslow, a party defendant, was read on behalf of his co-defendants. The deposition was taken before the master, under the usual order of reference, reserving all just objections. When the deposition was being taken, the complainant caused the master to note an objection on the ground of interest, but it does not appear that any objection was made to reading the deposition on the hearing.

The court dissolved the injunction which had been granted, enjoining further proceedings under the judgment at law, and dismissed the bill.

Thereupon the complainant, Phy, took this appeal, and now assigns for error: *First,* the admission of the testimony of Winslow, and *Second,* dissolving the injunction and dismissing the bill.

Mr. C. J. METZNER, for the appellant.

Mr. F. H. KALES, for the appellees.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

The note upon which judgment was entered is evidence of an account stated between the parties, and it is incumbent upon the appellant to show what the items of the account were, and that some one or more of them were erroneous. The presumption is that the note was given for the correct amount, and the evidence before us is not sufficient to rebut that presumption. We have evidence of dealings between the parties prior to the time the note was given; but the evidence fails to show what items were included in the settlement when it was given, or that any of them were erroneous. Winslow, one of the defendants, was examined as a witness before the master by his co-defendants under the usual order, reserving all just objections. When his deposition was taken, the appellant caused the master to note an objection on the ground of interest, but from the record it does not appear that any objection was made to reading the deposition on the hearing. Objections to the admissibility of testimony not made at the hearing are considered as waived, and will not be noticed in this court. The record must show that the objection was made or it will not be regarded.

The corn received by the appellees to be sold for the appellant was sent to New York for sale without his authority. It was consigned to the appellees for sale in Chicago, and they had no more right to send it to New York for that purpose than they had to send it to London or Rio Janeiro. The net proceeds of a sale in the Chicago market should have been applied in payment of the appellant's note. The difference between the sum indorsed on the note and the sum which

should have been applied in that manner, is $9.21. The decree of the court below is reversed without costs in this court, and the cause is remanded with directions to enter a decree enjoining the plaintiffs from collecting the sum of $9.21 included in the judgment. The decree of the court below will also be without costs. The appellant's costs have been incurred in regard to claims asserted which he had failed to establish, and it would be unjust to allow them to him. The appellees were in fault in not crediting the appellant upon his note with the proper sum as the proceeds of his corn.

Under these circumstances we are of the opinion that each party should pay his own costs.

*Decree reversed.*