DWIGHT JOHNSON, Appellant, *v.* THE NEW YORK CENTRAL
RAILROAD COMPANY, Respondent.

A carrier, in forwarding goods beyond the terminus of his own route, is bound
by the instructions of the owner.

It is his right and his duty, in an unforeseen exigency, when the safety of the
goods requires it, and the consent of the owner may fairly be presumed, to
deviate from the letter of his instructions and notify him of such deviation;
but when the deviation is unnecessary, and for the mere convenience of the
carrier, he assumes the risk of consequent injury, and remains responsible as
an insurer.

The primary duty of an agent is to observe the instructions of his principal;
and when he disregards them, he voluntarily assumes a responsibility by
which he must be content to abide.

APPEAL from the Supreme Court. The action was for the
value of ninety-one bales of tow, addressed to E. Ludlow, Jr.,
at New York, and delivered by the plaintiff's firm to the
defendant at Little Falls, to be transported to Albany, and
to be forwarded thence by the People's Line of steamboats
to New York. The tow was received by the defendant on
the 29th of November, 1854, and on the arrival of the prop-
erty at Albany, it was offered to the proprietors of the Peo-
ple's Line, who declined to receive it, on the ground that they
were prohibited by act of Congress from transporting freight
of that description. The tow was then shipped by the defend-
ant on the "E. Corning," a freight barge in good condition,
running in the Albany and New York line, which was
accustomed to carry freight of this description. The barge
left for New York on the 1st or 2d of December, and was
the last boat in the line that went down the river that fall,
that being the close of navigation for the season. On the
passage to New York, the tow was lost with the barge.

The cause was first tried before Judge PRATT, and the
plaintiff recovered; but the judgment was reversed at
the General Term, which held that upon the foregoing facts
the defendant was not liable for the loss.

On the last trial, before Judge HUBBARD, further evidence
was given, tending to support the allegation made in the

complaint, and denied in the answer, that the defendant was directed when the property was received to forward it *only* by the People's Line of steamboats.

On the first trial the plaintiff rested his case, in this respect, on the note made by the defendant at the foot of the entry in the way-bill book, " *via* People's Line; " but on the last trial it was proved that when the tow was taken to the defendant, the plaintiff asked Mr. Priest, the freight agent of the company, with whom the contract was made, whether the company could forward the tow in question by the People's Line, who replied that it could, but it would cost more than it would to send it by tow boats. The plaintiff told him that it was so late in the season, that unless the defendant could forward it by the People's Line, he did not then wish to send it, and that he did not care about the extra expense. Priest thereupon received the goods to be forwarded in that mode. This evidence was undisputed. It was also proved that there was daily communication by mail and by telegraph between Albany and Little Falls.

The plaintiff claimed that under these circumstances, the forwarding of the flax by a tow boat, without notice to the owner, was a breach of duty, and that the defendant assumed the risk by disregarding the instructions. The judge held otherwise, and granted a nonsuit, which was sustained at the General Term.

*Alexander S. Johnson,* for the appellant.

*Sidney T. Fairchild,* for the respondent.

PORTER, J. The defendant undertook to transport the flax to Albany, and to forward it thence to New York by the People's Line of steamboats. On the refusal of that line to receive it, the defendant's obligation as a carrier ceased; and if it incurred any further liability, it was in the character of agent for the owner of the property. In the absence of instructions as to the mode of transportation from Albany, it owed no duty to the plaintiff, beyond the delivery of the property, in the usual course of business, to safe and respon-

sible carriers for transmission to its destination. (*Brown* v. *Dennison*, 2 Wend., 593; *Van Santvoord* v. *St. John*, 6 Hill, 157.) But when the forwarding agent is instructed as to the wishes of his principal, and elects to disregard them, he is guilty of a plain breach of duty. When he sends goods in a mode prohibited by the owner, he does it at his own risk, and incurs the liability of an insurer. (*Ackley* v. *Kellogg*, 8 Cow. 225.)

It appears in the present case, that the contract was made with the freight agent of the defendant, who suggested that it would be better to forward the hemp by tow-boat from Albany; but the plaintiff replied in substance, that it was so late in the season that he would not send it, unless it could go by the People's Line. This proof tends to show that the defendant received the property, with an express understanding that the hemp was not to be forwarded to New York unless by the People's Line. If this was so, the defendant was clearly liable. On the refusal of the steamboat proprietors to receive the property, the company should either have communicated the fact to the plaintiff, and awaited further instructions, or it should have relieved itself from liability by depositing the hemp for safe keeping in a suitable warehouse. (*Forsyth* v. *Walker*, 9 Barr, 148; *Goold* v. *Chapin*, 20 N. Y., 259; *Fisk* v. *Newton*, 1 Denio, 451.)

There is a class of cases in which an agent is justified, by an unexpected emergency, in deviating from his instructions, where the safety of the property requires it. In this instance no such exigency arose. The only inconvenience which would have resulted to the owner, from compliance by the carrier with his known wishes, would have been mere delay in transmitting the hemp to market; and he had notified the company that he would rather submit to this delay, than to the hazard of tow-boat transportation at the close of the season of navigation. The primary duty of the agent is to observe the instructions of his principal, and when he departs from these, he must be content with the voluntary risk he assumes. (1 Pars. on Cont., 69; *Forrester* v. *Boardman*, 1 Story, 43; *Ackley* v. *Kellogg*, 8 Cow., 223.)

The evidence would have authorized the jury to find that there was a breach of duty by the defendant, and the nonsuit was therefore erroneous.

The judgment should be reversed, and a new trial should be ordered, with costs to abide the event.

All the judges concurred in the foregoing opinion, except BROWN and CAMPBELL, JJ., who dissented.

Judgment reversed, and new trial ordered.