ROMULUS J. DALTON & another *vs.* RICHARD P. GODDARD & others.

Factors wrote to traders, who proposed to consign goods to them for sale, that they were satisfied that they were taking no risk in advancing eighty per cent. on the invoice, and requested that the goods might be sent to them. After receiving the goods, they wrote again, asking if the consignors understood that the invoice prices were to be guaranteed. The consignors replied that they did not expect the factors to guarantee over eighty per cent. and drew on them for that amount. The factors paid the draft, and then sold the goods for a sum which, after deducting their commissions and other charges, would yield less than eighty per cent. of the invoice prices. *Held*, that in accounting with the consignors they were not entitled to be allowed any charges, by way of commissions or otherwise, which would reduce the proceeds of the goods to the consignors below said eighty per cent.

CONTRACT to recover a balance on an account growing out of a consignment of clothing by the defendants to the plaintiffs for sale on commission.

The case was submitted to the judgment of the court on agreed facts, by which it appeared that in 1867 the plaintiffs were auctioneers and commission merchants in Cincinnati, and the defendants were clothiers in Boston; that in August and September of that year letters and telegrams passed between them (the material parts of which are stated in the opinion); that on or about August 19 the defendants consigned to the plaintiffs a quantity of clothing invoiced at the price of $4,989.25, and on August 31 drew on the plaintiffs for $3,991.40, being eighty per cent. on said invoice price, and the plaintiffs paid the draft; that the plaintiffs sold the clothing for $4,029.20, and spent $60.70 for drayage and other charges on it; that in paying the draft and charges the plaintiffs spent $22.90 more than the proceeds of the goods; and that the usual and proper commissions on sales of such goods at Cincinnati were seven and one half per cent., or in this case $302.19.

If the plaintiffs were entitled to recover commissions and the other charges, judgment was to be rendered for them for $325.09, or if to recover the other charges without commissions, judgment was to be rendered for them for $22.90, and in either

alternative, with interest from an agreed date; otherwise, the defendants were to have judgment.

*F. A. Brooks,* for the plaintiffs.

*W. G. Russell,* for the defendants.

BY THE COURT. Until August 15 the parties had not agreed upon the terms of a contract. On that day the plaintiffs wrote, "We are satisfied that we take no risk in making the advance of eighty per cent. on your invoice of August 7," and requested the defendants to send them the goods at their earliest convenience. On the 27th of August they asked by telegraph, "Do you understand we have purchased your goods and guarantee invoice prices?" To this the defendants replied the same day, "Do not expect you to guarantee over eighty per cent." Letters passed showing that it was not a sale, but a consignment of goods for sale on those terms; and the plaintiffs sold the goods without giving notice that they expected different terms. They accepted the defendants' draft for that amount, and the substance of the guaranty was, that the defendants should receive at least eighty per cent. of the invoice price for their goods. The plaintiffs took the risk that the goods would bring that amount; and the defendants are not liable to pay the plaintiffs any charges which would reduce the price to a lower amount.

*Judgment for the defendants.*