JOHN D. HINDE and THOMAS PORTER, Jr., Respondent, v. JAMES R. SMITH, Jr., Appellant.

(GENERAL TERM, FIRST DEPARTMENT, JUNE, 1872.)

The referee or jury are best qualified to decide whether inconsistencies in testimony arise from willful prevarication, or unintentional mistake, or defect in memory.

Where the testimony of a witness showed discrepancies in fixing a date, placing it once at a time inconsistent with other established facts, also denials upon cross-examination of his statements upon the examination in chief, and was contradicted by the defendant as a witness on his own behalf,—*Held,* that the decision of the referee upon the credibility of the witnesses would not be disturbed on appeal.

The measure of damage recoverable from a commercial factor or agent who sells goods, intrusted to him for sale at a specified price, at less than the price authorized, is the actual damage sustained.

Accordingly, in an action against a factor to recover for such a sale, where no increased market value for the goods was shown over the price realized,—*Held,* that there was no damage and could be no recovery.

A referee's error in computing too great a sum as due the plaintiff is not necessarily ground for reversal of his judgment, where the court can make the computation correctly and direct a proper abatement.

THIS was an appeal by the defendants from a judgment against them, entered upon the report of a referee.

The action was brought to recover the difference in the price of a quantity of whisky between the amount for which

Hinde *v.* Smith.

the same was sold by the defendant, and the price at which he was authorized to sell the same. It appeared from the evidence, as found by the referee, that the plaintiffs were engaged as copartners in the manufacture of whisky, at Cincinnati, Ohio, and the defendant as a commission merchant in New York city, receiving consignments of whisky for sale on commission; that the plaintiffs consigned a quantity of whisky to the defendant for sale at the price of one dollar per gallon, which was duly received by the defendant on the 2d of November, 1866, and sold by him on or about the 13th of December ensuing at the price of seventy cents per gallon, which was the full market price of the whisky at that time.

The referee gave judgment for the plaintiffs for the difference between the price at which the defendant was authorized to sell the whisky and the price for which the same was sold, and for certain commissions on sales claimed by the complaint as overcharged, and allowing the defendant for advances and expenses on account of the consignment.

*James Crombie*, for the appellant.

*C. A. Runkle*, for the respondents.

Present—INGRAHAM, P. J.; LEONARD, J.

LEONARD, J. The witness, Drake, called to prove the case on the part of the plaintiffs, testified uniformly and decidedly that the defendant was instructed to sell the Redman whisky at one dollar per gallon. On his direct and cross-examination, and again on being recalled, he attempted to fix the date when such instructions were given at different periods; and, on one occasion, apparently, he stated the time inconsistently with the date when the whisky was delivered; and further, denied that he had given such evidence on his first examination in chief as he had in fact given. It is urged by the defendant that the referee ought to have discredited him for these inconsistencies, and also for the reason that he was

flatly contradicted by the defendant as a witness in his own behalf. On these questions of credibility, and the manner of the witness in stating evidence, the referee or the jury are the best judges, and we cannot assume to be able to determine more safely and wisely. There is one thing to be remarked in favor of the holding of the referee as to the credit to be attached to the evidence of Drake; he was consistent and steady as to the fact that instructions were given to hold the Redman whisky at one dollar per gallon. The other matters giving the appearance of inconsistent statements might have arisen from a defect of memory. The referee must be regarded as better qualified to decide whether these inconsistencies arose from willful prevarication, or unintentional mistake, or defect of memory.

The referee has found, on the evidence of Drake, that the instructions were given. The proof was indisputable that the defendant sold the Redman whisky at seventy cents per gallon. The referee has found that the price at which the sale was made was the full market value. I have looked carefully through the evidence, and there is not a particle to prove that the whisky was worth any more in the market than the price for which the defendant sold it. It is clear, then, that the plaintiffs have sustained no damage. He should have proven a subsequent advance in the price, if the fact was so. The referee has allowed, however, to the plaintiffs the difference between the price at which the sale was made and that at which the defendant was directed to hold the whisky. This was an error. No such damage, according to the evidence, has been sustained. (*Blot* v. *Boiceau*, 3 Coms. R., 78.) The rule is different in the case of articles of art or antiquity, which have no fixed or known market value.

I am inclined to the opinion that the referee has also made a trifling error in his computation of the commissions. If that was the only error, it need not necessarily work a reversal of the judgment, as the court could make the computation, and, the amount being too large, could direct a corresponding abatement or modification.

The error in regard to the damages on the sale of the Red-man whisky requires that there should be a reversal of the judgment and a new trial before the same referee, inasmuch as it may be made to appear that the price advanced subsequent to the sale. Let the costs abide the event.