## SUPREME COURT

JAMES W. DANA agt. THE NEW YORK CENTRAL AND HUDSON
RIVER RAILROAD COMPANY.

*Liability of common carrier — acting as agent beyond his termini.*

It is competent for a carrier or agent to limit his liability, and such con-
tracts are held valid when free from fraud or imposition.

Where the receipt declares that the company, in sending forward goods
beyond their termini, shall act " as the agent of the consignor or con-
signee, and not as carrier," it is its duty as such agent to give correct
information and instructions to the succeeding carrier, as to the destina-
tion and delivery of the property transferred to the latter company;
otherwise it is liable in damages to the consignor for all loss and injury
to the property which, by its agreement with him, they undertook to
carry to its destination.

*Oneida Circuit, September, 1875.*

ACTION to recover damages alleged to have come to a horse
shipped by plaintiff from Utica to Adams Centre, Jefferson
county.   A jury trial was waived by the parties.

The plaintiff delivered to defendant the horse April 10,
1874, and took a receipt, in which the horse was stated to be
delivered to H. A. Averell, Adams Centre, New York, and
in which reference was made to a stock release, executed the
same day by the parties, in which release it was stated,
viz. :

" Now, in consideration that the party of the first part will
transport for the party of the second part one horse agreed
weight, 2,000 pounds, which said horse has this day been deliv-
ered by the party of the second part to the party of the first

part, from Utica to *Adams Centre*, at the rate of ———— cents per 100 pounds, such rate being one made upon the basis above stated, the party of the second part agrees that the party of the first part shall not, under any circumstances nor for any cause, be held liable beyond the sum of $200 for injury to, or loss of, any single animal carried pursuant to this agreement. *   *   * "

The defendant, on the same day, made its way-bill of merchandise from Utica to Rome, and in and under the words " for whom and where," inserted "A. Averell, *Canton*," which was made in defendant's office at Utica, and produced by it at the trial, and it appeared that this way-bill accompanied the horse in question to Rome, and was shown to some agent of the Rome, Watertown and Ogdensburg Railroad Company, or a copy of same was given to such agent at the time. The horse was at Rome delivered to the R., W. and O. R. R. Co., and by it carried to Canton, St. Lawrence county, and back to Adams Centre, and arrived fifty-four hours later than if delivered in the usual course at Adams Centre.

On the thirteenth April, when the horse was delivered to Averell at Adams Centre, he had a cold; cough and lung fever ensued, and he was sick some thirty-seven weeks, and damaged more than $200. He was in good condition when delivered to defendant by plaintiff.

*John H. Knox*, for plaintiff.

*D. M. K. Johnson*, for defendant.

HARDIN, *J.*— Upon the trial it was held that the papers contained a contract, and were the exclusive evidence thereof between the parties, and that principle must be applied in considering the case (*Locey* agt. *N. Y. C. R. Co.*, 50 *N. Y.*, 76; *Belger* agt. *The Adams Ex. Co.*, 51 *id.*, 166; *Steers* agt. *Liverpool, N. Y. and P. S. Co.*, 57 *id.*, 1; *Hinckley* agt. *N. Y. C. and H. R. R. R. Co.*, 56 *id.*, 429).

The receipt declared that the company, in sending forward

Dana agt. New York Central and Hudson River Railroad Co.

goods beyond the defendant's termini, shall act " as the agent of the consignor or consignee, and not as carrier."

As such agent, it was its duty to give correct information and instructions as to the delivery of the property. If it gave others, it acted at its own risk and peril (*Johnson* agt. *N. Y. C. R. Co.*, 33 *N. Y.*, 610; *Goodrich* agt. *Thompson*, 44 *id.*, 324).

It is a fair inference, upon the facts disclosed in this case, that the false information in defendant's way-bill shown to the agent of the R., W. and O. road caused the error and consequent detention and exposure, &c., of the horse.

Assuming that the defendant is liable as an agent for its false instructions or information, it is not necessary to consider the effect of the stock release as an agreement to carry from Utica to Adams Centre, as stated in the release.

It is competent for a carrier or agent to limit its liability. Such limiting contracts are held valid when free of fraud or imposition. None is claimed here, therefore the limitations made must be held valid (51 *N. Y.*, 166; 57 *id.*, 1; *Westcott* agt. *Am. Ex. Co.*, 6 *Lansing; aff'd, Com. of Appeals, opinion by* DWIGHT, *Com'r, unreported*).

The horse was " carried pursuant to this agreement," and therefore the liability was limited to $200. But it is said that there is no proof that the horse took his cold the last fifty-four hours instead of the first twenty hours of the seventy-four hours he was *en route* from Utica, and prior to his delivery to the consignee, at Adams Centre.

The burden of proof to show that it was not during the last fifty-four hours was upon the defendant, and no such proof was given. The onus for accounting for the default as well as injury was with the defendant (*Brownell* agt. *N. Y. C. R. Co.*, 45 *N. Y.*, 184; *Magher* agt. *The C. and A. R. R. Co.*, 45 *id.*, 514).

There is no proof that the injury would have happened if there had been no mistake (*opinion of* ANDREW, *J.*).

The fair inference upon the facts disclosed here is, that the

long exposure, the great travel and the last fifty-four hours thereof led to the cold which affected the horse and injured him (*Michaels* agt. *N. Y. C. R. Co.*, 30 *N. Y.*, 564).

These views lead to the conclusions:

1. That the defendant is liable to the plaintiff for damages.

2. That the stock release limits the damages recoverable for injury to the horse to $200.

3. That the plaintiff is entitled to judgment against the defendant for $200, and costs of the action.