# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—MARCH TERM, 1886.

## ALONZO W. ROLLINS ET AL.

v.

## OWEN DUFFY.

1. PRINCIPAL AND FACTOR.—Where a factor is directed by his principal to sell at a given price, and he sells below that price, he is guilty of a breach of duty and is liable to his principal for actual damages.

2. SAME—CONTRACT.—Where an agreement was to order goods only when they could be sold at a price named, a breach of this agreement would entitle the principal to recover his actual damages, which would be the difference between the best market price for which the principal could have sold his goods if they had not been ordered by the factor and what he actually received.

3. EVIDENCE.—When parts of a conversation are material and other parts are not only immaterial but have a direct and manifest tendency to prejudice the other party in the minds of the jury, it is the duty of the court to admit only those portions which are material.

4. EVIDENCE OF EFFORTS TO COMPROMISE.—Where evidence of efforts to obtain a settlement and of offers to arbitrate was responsive to no issue in the case and had a manifest tendency to unduly prejudice the jury in favor of the defendant, the error in the admission of such evidence can not be cured by instructions.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed March 8, 1886.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellants; as to measure of damages, cited Frothingham v. Everton, 12 N. H. 239; Marfield v. Goodhue, 3 Comst. 62; Blot v. Boiceau, 3 Comst. 62; Parker v. Braucker, 22 Pick. 45; Brown v. McGraw, 14 Pet. 494; Field v. Farmington, 10 Wall. 149; Austin v. Crawford, 7 Ala. 342; Ainsworth v. Partillo, 13 Ala. 460; Hilton v. Vanderbilt, 82 N. Y. 591; Blair v. Childs, 10 Heisk. 199; Beadles v. Hartmus, 7 Baxt. 476.

As to evidence of efforts to compromise: Rollins v. Duffy, 14 Bradwell, 69; McCausland v. Wonderly, 56 Ill. 412; Wilson v. Sherlock, 36 Me. 297; Small v. Gilman, 48 Me. 515; Bonfield v. Parker, 36 N. H. 358.

Mr. EDWARD J. COMSTOCK and Mr. ELBERT H. GARY, for appellee; that the voluntary admissions of a party, no matter when or how made, if made with knowledge of the circumstances, are proper to be given in evidence, cited Robbins v. Butler, 24 Ill. 387; C. & N. W. Ry. Co. v. Boone, 44 Ill. 240; Ashlock v. Linder, 50 Ill. 159; 1 Greenleaf on Ev., § 192, note 2; Snow v. Batchelder, 8 Cush. 513; Arnold v. Johnson, 1 Scam. 196; Yundt v. Hartrunft, 41 Ill. 9.

BAILEY, P. J.    This case was before this court at the October term, 1883, on an appeal by the plaintiffs from a judgment in favor of the defendant for $179 on his plea of set-off. The leading facts involved in the controversy are sufficiently stated in the report of the case as then presented. Rollins et al. v. Duffy, 14 Bradwell, 69. That judgment having been reversed and the cause remanded, the defendant filed two special pleas of set-off upon which issues of fact were taken by the plaintiffs, and on a trial before the court and a jury a verdict was rendered in favor of the defendant for $218.22, and for that sum and costs the defendant had judgment.

The first of said pleas of set-off alleges, in substance, that connected with the said several supposed premises in the declaration mentioned, and as a part of the same transaction, the plaintiffs, in consideration of the profits to be made by them, bargained and agreed with the defendant that if they could

sell certain blankets belonging to the defendant for a suffi-cient price so that the defendant should receive for the same, after deducting all expenses and set-offs, the sum of forty-eight cents per pound, then and in that case and not otherwise, the plaintiffs were to direct the defendant to for-ward said blankets to the plaintiffs; and that the plaintiffs afterward, at divers times, directed the defendant to ship to them said blankets, and the defendant, confiding in said promise and agreement, shipped said blankets to the plaintiffs; but the plaintiffs did not regard their said agreement in this, that the said plaintiffs sold said blankets for such a price that the defendant did not receive therefrom the sum of forty-eight cents per pound, but a less sum; whereby the defendant suffered damages and loss to the amount of $1,000.

The second plea alleges that the plaintiffs bargained and agreed with the defendant, that if the plaintiffs could sell certain blankets of the defendant for such price that the defendant should receive therefor, after deducting all set-offs, the sum of forty-eight cents per pound, then and in that case the plaintiffs should notify the defendant to ship said goods, in consideration whereof the plaintiffs were to receive what-ever sum the plaintiffs should sell the same for in excess of forty-eight cents per pound; and that afterward, at divers times, the plaintiffs notified the defendant that they had sold said goods and requested the defendant to ship the same, whereupon the defendant, confiding in said bargain and agree-ment, shipped to the plaintiffs said blankets, but the plaint-iffs did not regard their agreement in this, that the said plaintiffs sold said blankets for a price such that the defend-ant did not receive forty-eight cents per pound therefor, but a much less sum, whereby the defendant suffered damage and loss to the amount of $1,000. Both pleas offer to set off said damages against the damages claimed in the declaration.

A question arose at the trial as to the measure of damages applicable to the case made by these pleas. Is it the differ-ence between what the defendant realized for his goods and forty-eight cents per pound, or the difference, if any, between what the plaintiffs sold them for and the market price? If

Rollins v. Duffy.

the plaintiffs guaranteed such sales as would net the defendant forty-eight cents per pound, then the defendant is clearly entitled to recover the difference between that price and what he has actually received. That, however, does not seem to be the contract set up in the pleas. No agreement is alleged to sell at a price which would net the defendant forty-eight cents per pound or any other specific price, the agreement set up being altogether silent as to how or on what terms sales should be made.

The agreement alleged is, to *order* goods when, and only when, they could be sold at the price named. This was not a guaranty, but an agreement limiting and defining the mode in which the plaintiffs were to discharge their duties as agents or factors of the defendant. A breach of this agreement, like any other breach of duty by factors, entitled the defendant to recover his actual damages. And what were such damages? If the plaintiffs had not ordered the goods, the defendant would have retained them, and could have disposed of them to other purchasers at the best market price. The difference, then, between what he could have thus obtained and what he has actually received, is the measure of his loss, and therefore the measure of his legal damages.

Where a factor is directed by his principal to sell at a given price, and he sells below that price, he is guilty of a breach of duty, and is liable to his principal for actual damages. As said by Chief Justice Marshall in Hamilton et al. v. Cunningham, 2 Brock. 366, "a person acting on commission, who by his misconduct has brought loss upon his principal, is responsible to the precise extent of the loss produced by that misconduct." The amount of the loss is not necessarily dependent upon the price limited by the principal, for it may be that if the goods had not been sold, the principal could not have obtained that price in any other way. See 3 Sutherland on Damages, 30 *et seq.*, and cases cited.

The plaintiffs called witnesses and offered to prove by them the market value of such blankets as those in question in Chicago, Kansas City, and other western markets, during the year

1881, and from that time up to the date of the trial, which evidence was excluded by the court.

We are of the opinion that under the contract set up in the pleas, such evidence was admissible. In Blot v. Boiceau, 3 N. Y. 78, where goods were shipped to a factor with specific instructions as to the price, and he sold below that price, it was held that the measure of damages in an action brought by the principal was the amount of injury actually sustained, and that it was competent for the factor, in reduction of damages, to show that the goods at the time of the sale and down to the time of the trial were worth no more than the price for which they were sold. To the same effect see Hinde v. Smith, 6 Lans. 464; Taylor v. Ketchum, 5 Robt. 507. We think the same rule applies here where the plaintiffs were to order the goods only when they would bring a stipulated price.

The court in his instructions to the jury seemed to proceed upon the theory that the contract pleaded and proved, was one by which the plaintiffs guaranteed to the defendant a net product of forty-eight cents per pound for his blankets. If such had been the contract, we think the instructions on this point would have been substantially correct. But the contract being as we have seen of a wholly different character, the instructions were inapplicable and erroneous.

The defendant was examined as a witness in his own behalf, and among other things testified to various conversations between himself and one of the plaintiffs, after the disputes between the parties had arisen. In detailing one or more of these conversations, the defendant was permitted, against the objection and exception of the plaintiffs, to state, and that too at very great length, various efforts and persuasions on his part to obtain a settlement or compromise, and especially to have the matter in dispute between him and the plaintiffs submitted to arbitration. These overtures were simply declined, and this portion of the conversations was connected with no admissions on the part of the plaintiffs and had no tendency to explain or qualify anything said by the other party. This same evidence was admitted on the former trial, and on the appeal from the judgment then rendered we held, in terms which

Rollins v. Duffy.

should not have been misapprehended, that its admission was erroneous. The court, as we gather from the record, seemed to be of the opinion that because certain portions of these conversations were admissible, it was competent for the party proving them to testify to all that was said by both parties, whether material to the issues or not. We do not so understand the rule. Where parts of a conversation are material, and other parts are not only immaterial but have a direct and manifest tendency to prejudice the other party in the minds of the jury, it is the duty of the court to admit only those portions which are material. Any other rule would place it in the power of a party to manufacture evidence in his own favor *ad libitum*. It would be in his power to engage his adversary in conversation and make to him any statements he pleased, and then come into court and under guise of testifying to a conversation with the other party, get before the jury his own statements, which would be clearly incompetent if offered in any other form.

This evidence of efforts to obtain a settlement and of offers to arbitrate was responsive to no issue in the case, and yet it had a manifest tendency to unduly prejudice the jury in favor of the defendant and against the plaintiffs, and to impress them with his eminent fairness and their unfairness, and it could have been offered for no other purpose. That it had that effect on the minds of the jury can scarcely admit of doubt. The doors ought always to be closed so far as possible against such evidence. Its dangerous tendency can not be obviated by instructions, and that the error in admitting it can not be thus cured is well settled. L. B. & M. R. R. Co. v. Winslow, 66 Ill. 219 ; Lycoming Fire Ins. Co. v. Rubin, 79 Id. 402.

The evidence as to the terms upon which the defendant shipped the blankets to the plaintiff, at least so far as those shipped in September are concerned, is conflicting; and while as to that consignment the preponderance of the evidence seems to us to be in favor of the plaintiffs, yet, as the jury have taken a different view of the evidence, we should not be disposed to disturb their verdict on that ground. As to the blankets shipped in October, there seems to us to be very lit-

tle, if any, evidence tending to show any contract or under-standing in relation to the price at which the goods should be sold.

For the errors above pointed out, the judgment will be re-versed and the cause remanded.

Judgment reversed.