(10 Misc. Rep. 586.)

### SINNETTE v. HODDICK et al.

(Superior Court of Buffalo, General Term. December 10, 1894.)

1. FACTORS AND BROKERS—CONVERSION OF PRINCIPAL'S GOODS—DAMAGES.

In an action for the conversion of a picture left by plaintiff with defendants to be sold for not less than a certain price, he can recover only the actual value of the picture.

2. SAME—PROOF OF LOSS.

Where the minimum price fixed by the agreement in such case was $40, and the only other evidence of value was that of a witness for plaintiff, who stated that the picture was worth more than $20, and the testimony of defendant that the picture would sell for $10, a judgment for only $10 is not sustained by the evidence.

Appeal from municipal court.

Action by Corinne Sinnette against Henry C. Hoddick and another. There was a judgment in favor of plaintiff for $10,. from which plaintiff appeals. Reversed.

Argued before TITUS, C. J., and WHITE, J.

Clinton & Clark, for appellant.

E. L. Jellinek, for respondents.

TITUS, C. J. This is an appeal from a judgment rendered by one of the judges of the municipal court, without a jury, in favor of the plaintiff and appellant for $10 damages and costs. The defendants are dealers in pictures, paintings, and engravings. By the complaint it is claimed that on the 8th day of November, 1892, the plaintiff, being an artist, left an oil painting with the defendants for sale, under a contract, of which the defendants claim the following is a correct copy:

"I hereby agree to leave with Hoddick & Company the paintings Charlotta Corda and Little Pilgrim. The painting Charlotta Corda to be sold for $300.00. The painting the Roman Pilgrim to be sold for forty dollars. Their commission to be ten per cent. These pictures at my risk."

This contract was signed by the plaintiff, and left with the defendants, with the pictures therein described. The defendants have no recollection of having sold the painting called the "Roman Pilgrim," or "Little Pilgrim," and on demand for the painting or the price for which it was to be sold cannot return the painting, not having it, or knowing what has become of it, and refuse to pay for it. Two points are raised by the plaintiff on this appeal: First, that the plaintiff is at least entitled to recover the sum mentioned in the contract, $40, as the price under which it should not be sold; and, second, that there is no evidence warranting the court below in giving a judgment for $10. On the first proposition the plaintiff invokes the rule that where articles have no settled or fixed market value, such as paintings, statues, and vases, and the factor refuses to return them, he is liable for at least the minimum price fixed in the contract with the agent. In Blot v. Boiceau, 3 N. Y. 78, the plaintiff consigned to the defendant, in New York, a quantity of wine, to be sold on commission, at a minimum price fixed in the letter of instructions. The defendant, on receipt of the goods, made advances to the plaintiff, and afterwards sold the goods at public auction to repay his advances, obtaining therefor less than the price mentioned in the letter of instructions. The court held that the defendant was bound by the instructions of his principal, and could not sell for less than the price fixed by the principal, and was liable for the damages consequent upon the sale without authority, and that the price in the invoice ought to be regarded as the value of the goods, if no other evidence of their value had been offered, citing Stevens v. Low, 2 Hill, 132; but that, when the goods have a market value, the party is only liable for such market value; Judge Bronson, in his opinion, adding that "when the consignment is of articles which have no market value,—such, for example, as antique paintings, statues, or vases,—the rule which has been men-

tioned will not apply." In Hinde v. Smith, 6 Lans. 464, the plaintiff consigned whisky to the defendant, in New York City, to sell at one dollar a gallon, and the defendant sold it for seventy cents a gallon. The court say the defendant was liable for selling contrary to his instructions, but that the measure of damages was the actual market value in New York, but that a different rule obtained in case of articles which have no fixed or known market value. In Guy v. Oakley, 13 Johns. 333, it was held that, where the principal limited his agent as to price, he had no right to sell under it; if he did, he would be liable. The same rule was stated in La Farge v. Kneeland, 7 Cow. 456. It is a general rule that an agent must obey the instructions of his principal, or he will be liable for the damage sustained by the principal. Johnson v. Railroad Co., 33 N. Y. 610; Loeb v. Hellman, 83 N. Y. 601; Comley v. Dazian, 114 N. Y. 161, 21 N. E. 135. In Stevens v. Low, 2 Hill, 132, the defendant sold certain mattresses to the plaintiff, at an agreed price, payable in certain indorsed notes, delivered to the plaintiff conditionally, —that is, after going to and returning from Boston he was to deliver the notes or return the goods to the defendant in error. On his return Low demanded the goods or the notes, which Stevens refused to deliver. The court, by Justice Cowen, say:

"Had the plaintiff below brought assumpsit, he would have been entitled to the agreed price, subject to a deduction should it turn out in proof that the notes were of less value. * * * The plaintiff below, however. disaffirmed the contract of sale, and treated the defendant as having wrongfully converted the goods to his own use. The action was trover, which goes to the actual value of the goods, with interest. * * * The agreement of parties on the price would be high evidence of value, but there is no rule which would estop the defendant from showing the truth."

It would seem from these authorities that the agent must obey the instructions of his principal in selling articles consigned to him; that, in case such articles have no market value, the agent is only liable in assumpsit for their actual value. In the absence of proof, the agreement of the parties fixing the price at which the articles may be sold will be assumed as the market value, but it is open to proof like any other question. When the articles have no fixed or market value, such as paintings, statues, and so forth, the agent is concluded by the agreed price; but if the principal elects to waive or disclaim the contract, and sues for a conversion of the property by the agent, the principal can only recover the actual value of the property. The present action is for the wrongful conversion of the painting by the defendants, and it follows that he can only recover in such an action the actual damage which he has sustained; and that question, like any other fact, must be determined from the evidence on the trial. I do not think that the judgment, however, is sustained by the evidence in the case, and, as I view it, there is no evidence from which the court below could legally conclude that the painting was worth but $10. The agreement of the parties is in evidence, wherein the price of the painting is fixed at $40, which is "high evidence" of its value. Stevens v. Low, supra. The plaintiff testifies that the painting was worth $100; and Cecelia M. Sinnett, another witness, on her cross-examination, states that

the picture was worth more than $10 or $20, and she seems to have some knowledge of the value of this particular painting. The only testimony of the value of the picture given on behalf of the defendant is by the defendant Frederick Hoddick himself, when he says the picture would sell for $10. This, taken in connection with his former statement that he hardly knew how to answer the question as to what the value of the picture was, seems to me to furnish no proof of value. If it would sell for $10, it is no evidence that it would not sell for more than $10. He says the frame would be worth $2.50, and he does not include the frame in his figure of $10, for what he claims the picture would sell. Besides, the defendants, in their answer, allege the plaintiff's loss sustained was not more than $20, but on the trial, after the proof was in, the defendants amended their answer so as to allege that the loss sustained by the plaintiff was not more than $10. This may not be any evidence of the value of the painting, but it is material in explanation of what the defendant meant when he said it would sell for $10, leaving the fair inference that he did not intend to fix that sum as the value of the picture. I think, for the reason that there is a want of evidence to sustain the judgment of $10, the judgment below should be reversed, with costs.