## FROTHINGHAM & a. *vs.* EVERTON.

When goods are consigned to a commission merchant, or factor, for sale, at a certain limited price, and he makes advances on them—if the goods cannot be sold at the price limited, and the consignor, upon reasonable notice, neglect to repay the advances, the factor may sell the goods at the fair market value, although below the limit, and recover the balance of the advances, if any remain.

But if the factor sell at a price below the limit, without notice, the consignor may have an action on the case to recover damages, or may have the amount of the damages allowed in a suit by the factor to recover his advances.

The measure of the damages in such case is the amount of the injury sustained by the sale contrary to the orders of the principal. If no actual loss appear to have been sustained by the wrongful act, the principal will be entitled only to nominal damages.

A reasonable time for a sale, in due course of business, must elapse, before a factor can demand a reïmbursement of his advances, and make a sale below the limit if they are not paid, or sustain a suit to recover them.

ASSUMPSIT, upon an account annexed to the writ, in which the plaintiffs had charged the defendant with $175 in cash, and an acceptance for $170, payable in six months, delivered to the defendant on the 27th of March, 1837, and with interest on said sums, amounting to $18.42; and had credited him with $241.07 for the net proceeds of 1918 pounds of wool, sold by them on his account. There were also counts for money had and received, and money paid.

The plaintiffs were commission merchants, in Boston, and the defendant, on the 27th day of March, 1837, delivered them, for sale, the quantity of wool before mentioned, with instructions not to sell it at a less price than twenty-four cents per pound. The plaintiffs thereupon advanced to the defendant the sum of $175, and gave him an acceptance for $170, payable in six months. The price of wool fell soon after the consignment, and continued to decline until the 5th of October, 1837, when the plaintiffs sold the wool, as credited in the account annexed to the writ, for fourteen cents per pound, which was then the fair market price of wool of that quality. There was no evidence of any notice, by the plaintiffs, to the defendant, of their intention to

make the sale. The plaintiffs contended that they had a right, when their acceptance fell due, to sell the goods consigned to them, at the market price, to meet the advances made by them, unless the defendant furnished other means for the purpose, and that a sale might be made without notice to the defendant. The jury returned a verdict for the defendant, which it was agreed should be set aside, and a judgment entered for the plaintiffs, if in the opinion of the court the plaintiffs should be entitled to recover.

*James Bell, & Tebbets,* for the plaintiffs, cited 13 *Petersdorff's Abr.* 762 ; 3 *Greenl. R.* 178, *Selden* vs. *Beale;* 3 *Taunt. R.* 117, *Dufresne* vs. *Hutchinson.*

*Hale & Woodman,* for the defendant, cited 13 *Petersdorff* 753 ; 2 *Law Reporter* 46, *Parker* vs. *Brancker.*

Parker, C. J. The plaintiffs claim a balance alleged to be due them upon account. They charge the defendant with a sum of money delivered by them to him, and for the amount of a draft drawn on them by the defendant, for his accommodation, and by them accepted and paid ; and they credit him with the proceeds of certain goods sold.

That the defendant received the sums claimed is admitted, and if the money thus furnished him had the character of an ordinary debt, for money lent, the defendant could have no defence to this action. He has filed no set-off, and for that reason could not, in such case, set up any claim against the plaintiffs for wool sold to them, because their credit is not of that character ; and he could not entitle himself to an increase of the amount of credit, for wool by them sold to others, because, according to the statement, they have credited him with the full amount received.

If the defendant can make any defence, it arises from the particular character of the plaintiffs' demand. The two sums, which furnish the foundation of the plaintiffs' action, appear,

by the case, to have been moneys advanced by the plaintiffs as commission merchants, or factors, upon a consignment of the wool, the proceeds of the sale of which form the item of credit in the plaintiffs' account.

No particular agreement is stated to have been made, respecting the re-payment of these sums, when they were advanced by the plaintiffs ; and it may be taken, therefore, that it was then in the contemplation of both parties, that the plaintiffs were to be re-imbursed out of a sale of the goods upon which the advances were made, if sufficient should be realized—that a credit was given to the defendant until a sale should be made, or until a reasonable time had elapsed in which the plaintiffs might endeavor to make a sale ; and that the plaintiffs could not, immediately upon furnishing the money, have commenced a suit against the defendant for its recovery.

But the plaintiffs' claim to re-imbursement did not depend entirely upon the goods consigned, there being no special contract to that effect. In case of loss by fire, or otherwise, without the fault of the plaintiffs, they might have recovered the whole amount of the advances, of the defendant ; and if they had not been limited in the price, and had sold in the regular course of their duty as factors, for less than the amount of the advances, they might well have recovered the balance of the advances in this suit. And notwithstanding they were limited in the price, if the defendant had refused, upon application, after a reasonable time, to repay the advances, the plaintiffs might have sold them at the fair market price, although below the limit, and have recovered the balance. 22 *Pick. R.* 40, *Parker* vs. *Brancker.* So they might have sold at a less price, if the goods were of a perishable nature, and to prevent a total loss, if there were no opportunity of consulting the defendant. *Story on Agency* 133 ; *Com. on Con.* 236.

But it appears by the case that the plaintiffs made no ap-

plication for payment of the sums advanced.   They sold without asking the defendant to repay, and without notice of their intention so to do, and at a price below the limit fixed by the defendant.   That this was a breach of their duty, is distinctly implied in the authorities cited, and the principle is otherwise supported.   *Cowper* 395.   For this the defendant might have had a remedy against them by a special action on the case.

The consignor may not only have an action on the case, for a breach of duty, but it is held that an agent may forfeit his title to the repayment of advances, and disbursements, by gross negligence, or fraud, or misconduct in his agency ; as, if he sell to persons who are notoriously insolvent, or omit to sell at a proper time contrary to orders, whereby the goods are lost.   *Story on Agency* 358, 360 ; 12 *Pick. R.* 328, *Dodge* vs. *Tileston.*   This doctrine may well apply to money advanced to the principal on a consignment.

It seems to us, therefore, that the defendant is entitled to have the fact, that the plaintiffs sold below the limit, without demand or notice, &c., considered in this action : not upon the ground that the plaintiffs are to be regarded as the purchasers of the goods because they have sold them below the price limited, or are to be deemed to have sold for the prices fixed by the limit, contrary to the fact ; but upon the ground that they have failed in their duty in disposing of the goods consigned to them, and that he is entitled, by reason of it, to bring a suit for damages, or to avail himself of it in defence of their claim for advances on the goods, having, by means of the advances, the damages, to that extent at least, in his own hands.   The latter course will prevent circuity of action. It may be questioned whether he can do both, or whether he must not make an election between the two, (6 *N. H. Rep.* 495, *Britton* vs. *Turner ;*) but that need not be considered here.

The next question is, to what extent the plaintiffs are accountable to the defendant for this breach of his instructions. If to the amount of the price limited, which would be the

result of treating them as purchasers at the price limited, it goes to the whole of the plaintiffs' action. But upon what principle are they to be made accountable to that extent? The general principle is, that where one suffers by the negligence or breach of duty of another, the latter is answerable in damages for the amount of the injury. Had these goods been destroyed by the negligence of the plaintiffs, they would have been answerable for the value, and the damages could not have been extended beyond that merely because the defendant had ordered them to sell at a certain price, and not for less. If, instead of a loss by negligence, the loss be by a disobedience of orders, without fraud, the result must be the same. Had the defendant brought his action against the plaintiffs, for wrongfully selling below the limit, he would have been entitled to recover the damages sustained by the wrongful act. If the goods of the principal are negligently lost, or tortiously disposed of, by the agent, he is made liable for the actual value of the goods, at the time of the loss or the conversion. *Story on Agency* 215. And if, instead of bringing his action to recover this actual value, the consignor set up the breach of duty, in defence of a suit by the factor for moneys advanced upon the goods, the measure of his right must be the same. It cannot be extended beyond the amount of the injury sustained by him. And there can be no sound principle which will enlarge his rights, in this respect, merely because he has obtained a general advance on the goods, unless there were an agreement that the factor should look to the goods alone for his reimbursement. " In an action by a factor against his principal, to recover a general balance, the plaintiff's negligence, in selling the defendant's goods, may be given in evidence in mitigation of damages, and to bar all charges for commissions, and all charges for interest, storage, &c., caused by the plaintiff's negligence." 12 *Pick. R.* 328. " Where the loss does not go to the totality of the claim, the principal will still be entitled to be indemnified, *pro tanto*, to the extent of the loss, by recovering, or deducting the amount

from the sum due to the agent, for advances and disbursements." *Story on Agency* 361.

It follows that the breach of duty cannot constitute, *per se*, an entire bar to the action, notwithstanding that up to the time of the breach of duty no cause of action existed in favor of the plaintiffs, which could have been enforced. Perhaps the moneys furnished by them to the defendant, and paid upon his draft, could not have been the subject of a suit, at the time when the plaintiffs sold the wool. Having been received as advances, it could not have been in the contemplation of the parties, that a right of action accrued immediately to recover them, there being no stipulation to that effect. This must be especially apparent, as to the money advanced at the time the goods were received. The plaintiffs were to give a credit; but this credit was, as we have seen, not a credit to the goods alone. It was a credit to the defendant, also, and gave a claim on him for any balance, after a sale of the goods according to orders, or after a sale on notice to reïmburse, and a failure so to do, the price being limited.

In cases of the latter character, a reasonable time must elapse for a sale in due course of business, before the factor can demand a reimbursement, make a sale, and bring a suit for the balance. And when the factor, instead of pursuing his authority and duty, sells improperly, or causes a loss of the goods by his negligence, he cannot thereby anticipate the time, or gain a right to make an earlier demand upon his consignor for advances, but must wait such reasonable time before he can sustain an action. If this were otherwise, the factor might enlarge his right by his own tortious act. There should be an opportunity to adjust the balance.

As no suggestion is made that the plaintiffs brought their action too soon; and as, upon the principles suggested, they are entitled to maintain it to recover a balance, if any, beyond the amount which should have been realized from the goods; the only remaining question is, what sum should be deducted from their claim in this case? Upon this point there is no

Frothingham *v.* Everton.

evidence before us to entitle the defendant to any thing more than the proceeds of the goods, which the plaintiffs have credited.    The case finds that the price of wool began to fall soon after the plaintiffs received it, and continued to fall until the plaintiffs sold ; and that they sold at the fair market price, at the time of sale.    There is no evidence that the price of such wool rose soon afterwards ; or that it has ever since risen ; or that the plaintiffs, or the defendant, could have realized more for it, even up to this day.    And if not, although the plaintiffs by selling contrary to their authority may have become liable to the defendant's action, there seems to be no ground for the recovery of more than nominal damages, or for having any thing more than the amount of the sales deducted from the plaintiffs' claim.    For aught which appears, the sale may have been to the pecuniary advantage of the defendant.    Unless the price of wool rose afterwards, it would seem to have been so.

If the plaintiffs had given notice, and the defendant had not repaid the advances, they might have made the sale as they did.    If, on such notice, the defendant had paid them the amount of the advances, all he could have had would have been the goods, to be held like other merchandize.  He would have realized only the value.    And if, after that, the plaintiffs, or any one else, had converted the goods, he could have recovered only the value.    The limit to the price, which he had previously affixed, could not have increased his damages.

As the case stands, therefore, the plaintiffs are entitled to judgment for the balance, after deducting the amount of the sales.