THOMAS DALBY *vs.* RICHARD H.. STEARNS & others.

Suffolk. Jan. 12. — Feb. 8, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

If a consignee of goods, who has advanced money upon them, without notice to the consignor sells them in good faith for a less price than that fixed by the consignor, the measure of damages, in an action by the consignor against the consignee, is the difference between the market value of the goods when sold and the price for which they were sold, if the market value has not increased before bringing the action, less the amount of advances, returns, discounts, and commissions.

CONTRACT to recover the value of certain goods consigned by the plaintiff to the defendants, and sold by the latter, to pay their advances, at a price less than the limit fixed by the consignor. Trial in the Superior Court, before *Rockwell*, J., who ordered a verdict for the plaintiff in a certain sum, and, by consent of parties, reported the case for the determination of this court. If the rulings, which, together with the facts, appear in the opinion, were correct, judgment was to be entered on the verdict; otherwise, judgment for the plaintiff for a larger sum.

*C. T. Gallagher*, for the plaintiff.

*H. D. Hyde*, for the defendant.

ENDICOTT, J. In *Parker* v. *Brancker*, 22 Pick. 40, it was held that, where goods are consigned for sale at a limited price, and advances have been made upon them, the consignee has a right to reimburse himself by selling the goods at a fair market price, though below the limit, if the consignor has refused upon notice to repay the advances.

In the case at bar, the plaintiff consigned goods to the defendants for sale at a limited price. The defendants made advances, and afterwards sold the goods, without sufficient notice to the plaintiff that they intended to sell them, to pay the advances. It is expressly found, however, that the goods were sold in good faith, for the best price that could be obtained for them at the time of the sale, and that, from that time to the date of the writ, their market value was not greater than the price for which they sold.

The only question before us is as to the rule of damages. The plaintiff contended that he was entitled to recover the invoice price of the goods, less the amount of advances, returns, discounts and commissions due the defendants under the

consignment. But the presiding judge ruled that the plaintiff was entitled to recover the difference between the market value of the goods when sold and the prices for which they were sold by the defendants, less the amount of advances, returns, discounts and commissions to which the defendants were entitled. We are of opinion that this ruling was right. The plaintiff is entitled only to indemnity, and the fact that he limited the price cannot in itself increase his damages.

In *Frothingham* v. *Everton,* 12 N. H. 239, it was held that, if a factor sells at a price below the limit without notice, the consignor may have an action on the case to recover damages, or may have the amount of damages allowed in a suit by the factor to recover his advances; and the measure of damages in such case is the amount of the injury sustained by the sale contrary to the orders of the principal. That case closely resembles the case at bar, and is directly in point. It was said by Chief Justice Parker in delivering the opinion: " Had these goods been destroyed by the negligence of the plaintiffs, they would have been answerable for the value, and the damages could not have been extended beyond that merely because the defendant had ordered them to sell at a certain price, and not for less. If, instead of a loss by negligence, the loss be by a disobedience of orders, without fraud, the result must be the same." 12 N. H. 243. In either case the damages cannot exceed the amount of injury sustained by the consignor. The case of *Frothingham* v. *Everton* is cited in *Blot* v. *Boiceau,* 3 Comst. 78, with approval, as laying down the sound and proper rule upon this subject. It was there held that where a factor sells below the price named in his instructions, the measure of damages is only the amount of injury actually sustained by the consignor; and that it was competent to show, in reduction of damages, that the goods were sold at their full market value. " If the market price of such goods had risen after the sale made by the defendants, they would have been liable to pay according to such increased value. A factor thus selling goods in violation of his instructions takes upon himself the hazard of loss from the fluctuations in the market without the possibility of gain; and this is practically a sufficient security against the disobedience of his principal's order. There is no need of subjecting him to a higher penalty." 3 Comst. 85. *Judgment on the verdict.*