[No. 19831. Department Two. August 25, 1926.]

GEORGE NELSON, *Respondent,* v. CARL J. SMITH *et al., Appellants.*[1]

[1] APPEAL (438, 440)—REVIEW—HARMLESS ERROR—AS TO PLEADINGS. Error cannot be assigned upon motions and demurrers to the pleadings where, at the trial, the evidence was limited to the sufficient and proper allegations.

[2] PRINCIPAL AND AGENT (13-1)—MUTUAL RIGHTS—LIABILITY FOR IMPROPER EXECUTION. An agent whose authority is limited to making loans on improved real property is liable for losses sustained where, contrary to his instructions, he placed loans on unimproved property with no market value.

[3] DAMAGES (66)—MEASURE OF DAMAGES—BREACH OF CONTRACT—FAILURE TO PERFORM. In an action to recover damages from an agent for placing loans upon unimproved property in violation of his instructions, the measure of damages is the difference, if any, between the fair market value of the land taken as security and the amount paid on account of the mortgage, plus interest.

Appeal from a judgment of the superior court for King county, Hall, J., entered September 9, 1925, upon the verdict of a jury in favor of the plaintiff, in an action for damages rendered for breach of contract. Affirmed.

*H. E. Foster,* for appellant.

*C. J. Smith* and *John T. Casey,* for respondent.

[1]Reported in 248 Pac. 798.

MITCHELL, J.—This action was brought by the plaintiff against his agent and the agent's wife, defendants, to recover damages for failure of the agent to place money by way of a mortgage loan on certain improved real property, which, it was alleged, the defendant promised could, and would, be done, which money, it was alleged, was placed by the agent by way of mortgage loan on other real property that was unimproved and without any market value, without the knowledge or consent of the plaintiff. The answer was in effect a general denial. There was a verdict for the plaintiff. Defendants have appealed from a judgment on the verdict.

[1] Several assignments of error relate to motions and demurrers against the several complaints filed by the respondent, including the second amended one upon which the case was tried. But, under the liberality allowed in the amendment of pleadings and of the construction of pleadings as against a general demurrer there was no error in these particulars, in view of the limitations placed upon the allegations of the complaint by the trial court at the time of trial in the admission of testimony. That is, the evidence was limited to those allegations of the complaint that were properly pleaded and which constituted a statement of a cause of action.

[2] In *Scribner v. Palmer,* 81 Wash. 470, 142 Pac. 1166, this court quoted another authority that declares the proper rule applicable to this case as follows:

" 'It is the first duty of an agent, whose authority is limited, to adhere faithfully to his instructions in all cases to which they can be properly applied. If he exceeds, or violates, or neglects them, he is responsible for all losses which are the natural consequences of his act. . . . The damages which the principal may re-

cover in such cases are the actual damages sustained by reason of the agent's disobedience. The damages recovered are to be compensatory only.' "

It was alleged that the agent Smith, representing himself and the marital community of which he was a member, violated this rule to the damage of the respondent. The allegation was denied by them. The evidence on that issue was in direct conflict. It was sufficient to have sustained a finding of the jury either way. We are powerless to disturb the finding made by them as represented by their verdict.

[3] One instruction is complained of. It was to the effect that respondent's damage was the difference, if any, between the fair cash market value of the land upon which the mortgage was taken and the amount the respondents had paid on account of the mortgage, plus interest. The instruction was correct. The amount found by the jury was well within substantial evidence supporting it.

Appellant's motion for a directed verdict, for a judgment notwithstanding the verdict, and for a new trial were properly denied.

Affirmed.

TOLMAN, C. J., MACKINTOSH, PARKER, and ASKREN, JJ., concur.