[No. 38622. Department Two. November 17, 1966.]

EDGAR J. MERKLEY et al., *Respondents and Cross-appellants*, v. MACPHERSON'S, INC., *Appellant*, EARL L. JONES *et al.*, *Defendants.*\*

*Reported in 420 P.2d 205.

*Acheson & Smith,* by *Walter Scott Acheson,* for appellant.

*Edmund J. Jones,* for respondents and cross-appellants.

POYHONEN, J.†—The appellant, as respondents' real estate agent, undertook for compensation to find a buyer for respondents' apartments. In due time appellant presented to respondents for signature an earnest money receipt and agreement, representing that it had found buyers and that appellant had received from the buyers, and was holding, a demand promissory note payable to respondents in the amount of $2,700 as earnest money.

When the respondents and the buyers met at the offices of the escrow agent for the purpose of completing the sale, the buyers refused to proceed further, giving as their reason that the respondents had materially misrepresented the rental income of the apartments.

Shortly thereafter the respondents made demand upon appellant for the $2,700 promissory note. Appellant was unable to produce the note. The evidence at trial established that appellant had neglected to procure such a note from the buyers.

The earnest money agreement provided that in the event of a forfeiture of the earnest money by the buyers, one half thereof should be the property of respondents and one half that of the appellant.

Appellant has appealed from a judgment in favor of the respondents in the amount of $1,350. The respondents have cross-appealed and contend that appellant was guilty of fraud and has forfeited all right to any part of the forfeiture, and that they should receive the entire value of the note rather than one half only.

---

†Judge Poyhonen is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

■ We shall first dispose of the cross-appeal. The trial court found that the appellant was not guilty of fraud towards its principals, the respondents, and that the appellant's breach of duty in failing to procure a note from the buyers came about through neglect. The trial court's findings are supported by substantial evidence and will not be disturbed.

■ It appears to be the law that an agent is entitled to no compensation for conduct which is disobedient or is a breach of his duty of loyalty; such conduct, if constituting a willful and deliberate breach of his contract of service, disentitles him to compensation. Restatement (Second), Agency § 469; *Kane v. Klos*, 50 Wn.2d 778, 314 P.2d 672 (1957); *Guy Stickney, Inc. v. Underwood*, 67 Wn.2d 824, 410 P.2d 7 (1966); *Rushing v. Stephanus*, 64 Wn.2d 607, 393 P.2d 281 (1964); *Farrell v. Score*, 67 Wn.2d 957, 411 P.2d 146 (1966).

The trial court found nothing in the evidence to indicate that appellant was not at all times honestly attempting to further the respondents' best interests. There is not a scintilla of evidence of deliberate disloyalty or disobedience. There is no evidence that appellant was attempting to cheat or defraud the respondents. It is true that appellant had an arrangement with the prospective buyers to sell their equity in their home for them, or, in the alternative, to buy it from them for a net figure to them of $2,700. It is obvious, however, from the record that appellant was doing everything it could to promote the respondents' sale by trying to make it possible for the prospective buyers to finance the purchase.

Respondents' cross-appeal is not well taken.

Appellant has made 12 assignments of error, many of them interrelated to an extent that they can be discussed under four headings.

Appellant argues that the trial court erred in holding that there was a completed "deal" between the parties. The trial court found that there was a completely executed earnest money agreement between the respondents and their prospective buyers, and that respondents were fully

justified in believing that appellant had in its possession the buyers' promissory note. There is substantial evidence to support this finding and it will not be disturbed. We are unable to follow appellant's argument that no rights or liabilities arose from the earnest money agreement because a sale was never completed. So far as respondents knew, the earnest money agreement was complete, and they had a right so to believe.

If in connection with the foregoing assignment the appellant has reference to the time when respondents and the buyers met at the offices of the escrow agent to consummate the sale, when an agreement was reached between them "to call the whole thing off", it must be answered that the trial court found otherwise. We are unable to find any evidence that respondents ever consented to a return of earnest money to the purchasers.

 Appellant's contention that respondent should first have sued the buyers is without merit. Where an agent has breached a duty owed to the principal, the principal is not required to proceed against third persons but may proceed against the agent. *Paulsell v. Peters*, 9 Wn.2d 599, 115 P.2d 708 (1941).

The appellant argues that respondents are not entitled to a forfeiture of earnest money because they had fraudulently misrepresented the rental income of the apartments. While the trial judge expressed some doubt as to whether the appellant could assert such a defense in this action, it does, nevertheless, appear from the record that the court did permit appellant to present all of its evidence on this issue. The record does not disclose any offers of proof that were rejected. That the trial court considered this defense is indicated by finding of fact No. 6, reading in part:

> [T]here was not enough proof introduced to make a finding that the said potential purchasers were entitled to withdraw from their obligations under the executed earnest money receipt and agreement as far as any alleged misrepresentations were concerned.

This finding, too, is supported by substantial evidence and will not be disturbed.

Appellant's principal remaining contention is that respondents failed to prove their damages. The respondents made out a prima facie case as to the amount of damages claimed by them, which was the amount of the note which should have been in existence and interest thereon, and the burden was then upon the appellant to show that the note, if it had been produced, would not have been collectible at all or collectible only in part. The appellant is hardly in a position to show either where it had itself agreed to furnish the buyers with the money with which to pay it.

The law appears to be that the measure of liability on the part of an agent for negligence in collecting claims is the amount of damages sustained by the principal, and this is prima facie the amount of the debt or claim. When a prima facie case has been made, the burden is on the agent to show facts relieving him from liability. *Green v. Bouton*, 101 Wash 454, 172 Pac. 576 (1918). After a plaintiff principal has made a prima facie showing, the burden then rests on the defendant agent to show that there was no damage or that the damage was less than claimed. 1 Mechem, Law of Agency § 1320 (2d ed.); Restatement (Second), Agency § 401.

Appellant has further argued on the damage question that respondents are entitled to recover only what they can prove they actually lost, namely, were out of pocket. The answer to this is that the respondents and their buyers, in entering into the earnest money agreement, expressly stipulated that the damages in the event the buyers forfeited, would be $2,700 plus interest on a note. This is binding upon the respondents' agent, the appellant, and he will not be permitted to say that the amount of damages should be measured by some other standard.

Judgment affirmed.

DONWORTH, FINLEY, WEAVER, and HAMILTON, JJ., concur.