547 P.2d 497

**ROY H. LONG REALTY COMPANY, INC.,
an Arizona Corporation, and Richard
M. Green, Appellants,**

v.

**Milton R. VANDERKOLK and Helen M.
Vanderkolk, husband and wife,
Appellees.**

No. 2 CA–CIV 1991.

Court of Appeals of Arizona,
Division 2.

March 31, 1976.

Lesher, Kimble, Rucker & Lindamood, P. C., by Robert O. Lesher, Tucson, for appellants.

William L. Berlat, Tucson, for appellees.

## OPINION

HATHAWAY, Judge.

This appeal concerns a misrepresentation contained in a deposit receipt and sales agreement. The facts taken in the light most favorable to upholding the judgment follow. Appellees hired appellant Roy H. Long Realty Company to list for sale a piece of land in Tucson belonging to them. Richard M. Green, the other appellant, is a broker and real estate salesman who worked for Roy H. Long Realty Company and handled the listing of appellees' land. On or about March 22, 1973, Green told appellees he had an offer and gave them a deposit receipt and sales agreement which alleged on its face that a $5,000 deposit had been made. Appellees rejected the offer as being too low and made a counteroffer on the same receipt and agreement. Green's buyer, one Martin Schechter, when apprised of the counteroffer by Green, accepted it by telephone and later by telegram. According to appellees' testimony, after Green told them that the counteroffer had been accepted, he indicated for the first time that he did not have the earnest money in hand. Even then, he apparently assured them that the money was forthcoming. The hearing transcript contains many statements to the effect that Green

believed the parties had a binding agreement, that he told appellees so, that he believed the earnest money was coming, and that appellees had other opportunities to sell their piece of land but did not do so believing that a $5,000 deposit was in hand together with the sales contract. Finally, Mr. Schechter came to Tucson and rejected the agreement.

■ The deposit receipt and sales agreement explicitly provides for liquidated damages. Where liquidated damages are specified, the terms of the contract control. *Green v. Snodgrass,* 79 Ariz. 319, 289 P.2d 191 (1955). The remedy provided for in the instant sales agreement was equal division of the earnest money between the broker and the seller. Appellees were awarded $2,500, the amount stipulated in the deposit receipt and sales agreement for a breach of the agreement.

Appellants' argument is that it is not clear from the pleadings filed by appellees whether they asserted a claim in contract, in fraud, or in negligence. They also state that no matter what their claim for relief was, appellees suffered no monetary damages, and to give them $2,500 would be a windfall for them. We do not agree.

■ We have held that damages lie in a proper case of negligent misrepresentation in *Arizona Title Insurance & Trust Co. v. O'Malley Lumber Co.,* 14 Ariz.App. 486, 484 P.2d 639 (1971). Our Supreme Court has agreed with that proposition. *Van Buren v. Pima Community College District Board,* Ariz., 546 P.2d 821 (filed February 20, 1976). The law of negligence governs a claim for relief for negligent misrepresentation. There must be a duty owed and a breach of that duty before one may be charged with the negligent violation of that duty. *West v. Soto,* 85 Ariz. 255, 336 P.2d 153 (1959).

■ The deposit receipt and sales agreement clearly shows the representation by the agent Green to appellees that $5,000 had been received as earnest money to "firm up" the offer for the property. Ap-

pellees then countered with an offer of their own, still believing that $5,000 was already on hand with their agent. When advised of the acceptance, they thought they had a binding contract with $5,000 already received. They did indeed rely on the representation since there was testimony as to other opportunities to show and to sell the land which were never availed of because appellees believed they had a binding contract with Schechter.

At trial, appellees relied on the case of *Merkley v. MacPherson's, Inc.,* 69 Wash.2d 776, 420 P.2d 205 (1966). On appeal, appellants note that damages were found by the Supreme Court of Washington in the *Merkley* case, with conduct analogous to the instant case. In *Merkley,* appellant presented to the respondents for signature an earnest money receipt and agreement representing it had found buyers and that appellant had received from the buyers a demand promissory note payable to respondents in the amount of $2,700 as earnest money. The deal did not go through and respondents made demand upon appellant for the $2,700 promissory note. Appellant was unable to produce the note and the evidence established that appellant had neglected to procure the note from the buyer. The earnest money agreement provided that in the event of forfeiture of the earnest money by the buyers, one-half should be the property of the respondents and one-half that of the appellant. Judgment was entered in favor of the respondents for one-half of the $2,700. The Washington Supreme Court said that it appears to be the law that the agent is entitled to no compensation for conduct which is disobedient or a breach of his duty of loyalty, and such conduct disentitles him to compensation. Restatement (Second) of Agency § 469 (1957). In *Merkley,* and in the case before us, appellees believed the earnest money agreement was complete and they had a right to so believe.

Green owed appellees a duty to deal with them honestly and in good faith and he breached that duty. The breach caused ap-

pellees to suffer damages. But for the fact that the $5,000 was never received from Mr. Schechter, appellees would have been entitled to one-half the earnest money on hand at the time the agreement was breached. Liquidated damages were provided by the very terms of the agreement and we find no error in the trial court's awarding half the earnest money figure to the appellees.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.